UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, ) ) ) ) Plaintiff, ) ) v. ) ) THOMAS ABDALLAH, *et al.*, ) ) Defendants ) ) | Case No. 1:14–cv–1155<br><br>Chief Judge Solomon Oliver, Jr.<br><br>Magistrate Judge Kenneth McHargh |

## FIRST INTERIM APPLICATION OF KOHRMAN JACKSON & KRANTZ LLP ATTORNEYS FOR RECEIVER JAMES EHRMAN FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

This First Interim Application for Compensation and Reimbursement of Out-of Pocket Expenses (*"***Fee Application***"*) is filed by and Kohrman Jackson & Krantz LLP ("**KJK**") requesting payment for services rendered as counsel for James Ehrman (the "**Receiver**") the duly appointed and acting Receiver in this action, for the period commencing December 3, 2014, through and including March 31, 2015, (the "**Application Period**"). This Fee Application is submitted pursuant to the Order Appointing Receiver [Dkt. No. 119], Paras. 59-64, and the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission, effective October 1, 2008 (the "SEC Guidelines").

In support of this Fee Application, KJK says as follows:

{K0456105.1}

1. This Court has jurisdiction over this action pursuant to Section 22 of the Securities Act of 1933 (the "**Securities Act**") [15 U.S.C. § 77v] and Section 27 of the Securities Exchange Act of 1934 (the "**Exchange Act**") [15 U.S.C. § 78aa].

2. Venue is proper in this Court pursuant to Section 27 of the Exchange Act [15 U.S.C. § 78aa].

3. The relief requested in this Motion is governed by FED. R. CIV. P. 66, Rule 66.1(c) and (d) of the Local Rules for the United States District Court for the Northern District of Ohio (the "**Local Rules**"), and the Order Appointing Receiver [Docket no. 119] (the "**Receiver Order**").[1]

4. On December 9, 2014, the Receiver filed an Application for Authority to Retain KJK and Herself as Counsel. On January 9, 2015, this Court entered its Order Approving Application [Docket No. 137].

5. By this Fee Application, KJK requests allowance and payment of compensation for all services rendered and reimbursement of all out of pocket expenses for the Fee Application Period in the amount of $62,170.26. Of this amount, $46,258.50 is requested as and for compensation for services rendered in the main case, and $13,816.00 is requested for compensation for services rendered in the case that pertained to assets belonging to Jeffrey and Nancy Gainer (the "**Gainers**"). In addition, the Receiver requests $2,095.76 for reimbursement of out of pocket expenses.

---

[1] Capitalized terms not defined in this motion shall have the meanings given to them in the Receiver Order.

{K0456105.1}                              2

6. The total number of hours expended by KJK's professionals and paraprofessionals in performing professional services for the Receiver during the Application Period was 203.60 hours at a blended billing rate of $295.06 per hour. The value of these services has been computed at the rates KJK customarily charges for similar services provided other similar clients.

7. Exhibit A to this Fee Application summarizes by category the total amount of fees charged for services rendered to the Receiver in this case during the Application Period. Exhibit A has two parts: the case in main and the matter pertaining to the Gainers. Exhibit A also identifies each attorney and paralegal who performed services for the Receiver, his or her billing rate, and the hours spent by each person. Exhibit A to this Fee Application also contains a detailed summary of services performed in compliance with the SEC Guidelines. Exhibit A also contains the detail and support for the out of pocket expenses during the Application Period for which KJK seeks reimbursement.

8. KJK seeks this Court's approval of the total fees for services rendered and expenses incurred during the Application Period.

9. A copy of this Fee Application and its Exhibits has been served upon all persons on the Court's ECF service list in the manner indicated in the Certificate of Service attached hereto.

## CERTIFICATION UNDER SEC GUIDELINES

10. Whitmer certifies that she is a partner at KJK and she has read this Fee Application and its Exhibits. To the best of her knowledge, information and belief, and upon reasonable inquiry, the Fee Application and all fees and expenses therein are true and accurate and comply with the SEC Guidelines. Whitmer also certifies that the services rendered and costs and expenses incurred were commensuate with the skill and experience required for the activity performed, were actual and necessary, and that the compensation sought is reasonable in accordance with the SEC Guidelines.

11. Whitmer certifies that the amount sought by way of reimbursement of expenses does not include the amortization of cost of any investment, equipment, or capital outlay, except to the extent that any such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmissions. Further, in seeking reimbursement for a service which KJK justifiably purchased or contracted for from a third party, KJK requests reimbursement only for the amount billed to KJK by the third-party vendor and paid by KJK to the vendor. The Receiver made no profit on any reimburseable service.

12. The services rendered and the reimbursement of expenses requested by KJK are billed at rates and in accordance with practices no less favorable to the estate than those customarily employed by KJK, and in fact are more favorable, except as otherwise noted in the Fee Application.

13. Whitmer has not heretofore received any payments, nor has any promise been made to Whitmer or KJK for compensation for services rendered or to be rendered in connection with this receivership case. No agreement or understanding exists between Whitmer and/or KJK on one hand and/or any other entity on the other hand for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

14. Neither Whitmer, nor KJK, nor any person with whom she is associated in her practice, is a relative by blood or marriage of any bankruptcy or district court judge in the Northern District of Ohio. Whitmer and KJK say further that each of them is not now, nor has either ever been, so connected with any such Judge as to render their employment or the Court's approval of their employment as legal counsel in the above captioned proceedings improper.

**WHEREFORE**, Whitmer and KJK respectfully request that this Court: (i) approve this Fee Application for services rendered for the Application Period in the amount of $60,074.50 and for reimbursement of out of pocket expenses in the sum of $2,095.76 for a total of $62,170.26; and (iii) enter any other and further relief as the Court deems proper and just.

Dated: November 17, 2015    Respectfully submitted,

                                         **KOHRMAN JACKSON & KRANTZ P.L.L.**

                                         */s/Mary K. Whitmer*
                                         Mary K. Whitmer (0018213)
                                         1375 East Ninth Street
                                         One Cleveland Center, 20th Floor
                                         Cleveland, OH 44114
                                         Telephone: (216) 696-8700
                                         Facsimile: (216) 621-6536
                                         E-mail: mkw@kjk.com;

                                         *Attorney for James Ehrman, Receiver*

# CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *First Interim Application of Kohrman Jackson & Krantz, P.L.L., Attorneys for Receiver James Ehrman for Compensation and Reimbursement of Expenses* was served via the Court's electronic filing system, this 28 day of October, 2015. Parties may access this filing through the Court's system.

**Electronic Mail Notice List**

- **Robin Andrews**
  andrewsr@sec.gov
- **Mark S. Bennett**
  mark.bennett2@usdoj.gov,Cynthia.Cherney@usdoj.gov
- **Sarah M. Cleves**
  santonucci@calfee.com,tjennings@calfee.com
- **Dominic J. Coletta**
  dcoletta@synenberg.com
- **Virginia A. Davidson**
  vdavidson@calfee.com,cschlunt@calfee.com
- **James W. Ehrman**
  jwe@kjk.com,newpleadings@gmail.com
- **Paul R. Hoffer**
  prhoffer@sssnet.com,prahoffer@gmail.com
- **Mark Robinson Jacobs**
  mjacobs@matasarjacobs.com
- **Charles J. Kerstetter**
  kerstetterc@sec.gov
- **Timothy S. Leiman**
  leimant@sec.gov
- **Walter A. Scott Lucas**
  Slucas@westonhurd.com,Vmarley@westonhurd.com,S#DocketDepartment@westonhurd.com
- **Scott C. Matasar**
  smatasar@matasarjacobs.com,smatasar92@gmail.com
- **Clare C. Moran**
  cmoran@synenberg.com,lawoffice@synenberg.com
- **Anthony R. Petruzzi**
  anthony.petruzzi@tuckerellis.com,shannon.mackay@tuckerellis.com
- **Robert N. Rapp**
  rrapp@calfee.com,jdamian@calfee.com
- **Paul M. Shipp**
  pshipp@westonhurd.com,S#DocketDepartment@westonhurd.com

- **Robert E. Soles , Jr**
  bsoles@soleslaw.com,kdodson@soleslaw.com,nmccarty@soleslaw.com,fdylewski@soleslaw.com
- **Roger M. Synenberg**
  rsynenberg@aol.com,dcoletta@synenberg.com,lawoffice@synenberg.com
- **United States**
  mark.bennett2@usdoj.gov
- **Christopher H. White**
  whitech@sec.gov
- **Mary K. Whitmer**
  mkw@kjk.com,ctk@kjk.com
- **Melissa A. Yasinow**
  may@kjk.com

*/s/ Mary K. Whitmer*
Mary K. Whitmer

{K0456105.1} 8