UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | Case No.: 1:14 CV 1155 |
| Plaintiff | ) ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) ) | |
| THOMAS ABDALLAH (aka Thomas Abraham), *et al.*, | ) ) ) | |
| Defendants | ) | <u>ORDER</u> |

Currently pending before the court is Defendant Thomas Abdallah's ("Defendant" or "Mr. Abdallah") Motion to Approve Settlement Agreement and Allocate and Release Proceeds to Defendant, His Spouse, and His Counsel ("Motion"). (ECF No. 304.) The Motion asks the court to approve a settlement agreement, in the amount of $25,000.00, obtained by Defendant relating to a personal injury claim resulting from a motor vehicle accident. The Motion further requests that the court order the disbursement of the settlement to Defendant, his spouse, and his counsel. Plaintiff United States Securities and Exchange Commission ("Plaintiff" or "SEC") filed a Limited Objection to Defendant Abdallah's Motion to Approve Settlement Agreement and Allocate and Release Proceeds to Defendant, His Spouse, and His Counsel ("Objection"), objecting to the release of the settlement award to Defendant. (ECF No. 308.) For the following reasons, the court grants in part, denies in part, and reserves ruling in part on Defendant's Motion.

# I. BACKGROUND

On May 29, 2014, the SEC commenced this action against several individuals and entities, including Mr. Abdallah, alleging that they were the originators of a Ponzi scheme that defrauded investors of millions of dollars. (Compl. ¶¶ 1-17, ECF No. 1.) The court appointed the Receiver to administer and conserve the Defendants' assets pending resolution of the case on December 3, 2014. (Order Appointing Receiver, ECF No 119.) Mr. Abdallah consented to an entry of judgment against him, and a Judgment as to Defendant Thomas Abdallah was entered by this court on November 2, 2017. (ECF No. 330.) Pursuant to this Judgment, Mr. Abdallah is liable for disgorgement in the amount of $5,209,349.00, plus prejudgment interest in the amount of $868,835.00, deemed satisfied by the criminal restitution order of $17,077,571.44 entered against Mr. Abdallah on October 19, 2016 in *United States v. Thomas Abdallah*, *et al.*, No. 1:15-CR-231 (N.D. Ohio). (*Id.*)

Following an agreement between the Receiver, Mr. Abdallah, and Plaintiff, this court granted Mr. Abdallah limited relief from the Order Appointing Receiver in order to prosecute a personal injury claim resulting from a motor vehicle accident occurring on November 6, 2013. (Order, Oct. 29, 2015, ECF. 225.) The Order granting limited relief held that any recovery or settlement obtained by Mr. Abdallah as a result of the prosecution of his personal injury claim shall be subject to the approval of this court, as well as to the terms of the Order Appointing Receiver. (*Id.* at 1-2.) Pursuant to this limited relief, Mr. Abdallah and his spouse, Yasmin Abdallah ("Mrs. Abdallah"), through their counsel Paul R. Hoffer, initiated a personal injury lawsuit against Osama Fahmy and Merveat Henein in the Cuyahoga County, Ohio Court of Common Pleas on October 30, 2015. (Mot. 2.) The claim sought compensation for physical injury to Mr. Abdallah and for loss of consortium to Mr. and Mrs. Abdallah. (*Id.*) Mr. and Mrs. Abdallah obtained a settlement agreement with Osama Fahmy's insurer, Allstate Insurance, in

the amount of $25,000.00, and the action in the Cuyahoga County, Ohio Court of Common Pleas was dismissed. (*Id*. at 2-3.)

Mr. Abdallah brought the present Motion on July 24, 2017, seeking approval of the settlement agreement. (Mot. 3.) Mr. Abdallah also requests that the court order the disbursement of funds, received and held by the Receiver from the settlement, in the amount of $6,250.00 to Attorney Paul R. Hoffer for legal services provided in prosecuting the personal injury claim. (Mot. 4.) The Motion includes an Affidavit of Mr. Hoffer averring that counsel for Receiver authorized Mr. Hoffer to charge a contingency fee of twenty-five percent of any award recovered by judgment or settlement for his services. (Affidavit, ECF No. 304-2, 13.) Mr. Abdallah further asks this court to order the disbursement of the remaining balance of the settlement, in the amount of $18,750.00, to Mr. and Mrs. Abdallah. (Mot. 4.)

On August 2, 2017, Plaintiff filed a limited Objection to Mr. Abdallah's Motion. Plaintiff indicated that, while it does not object to the approval of the settlement, it objects to "Defendant Abdallah keeping the personal injury settlement when he owes so much in criminal restitution to victims from two separate criminal restitution judgments." (Obj. 3.) Plaintiff argues that Mr. Abdallah is currently incarcerated and required by 18 U.S.C. § 3664(n) to apply the proceeds of his personal injury settlement to his restitution debt. (*Id*. at 3.)

## II. LEGAL STANDARD AND ANALYSIS

### A. Approval of Settlement

Mr. Abdallah requests this court's approval of the settlement entered into between Mr. and Mrs. Abdallah and Allstate regarding Mr. Abdallah's personal injury claim. Plaintiff does not object. The court hereby approves the settlement.

**B. Disbursement of Funds to Mr. Abdallah**

"'[A] district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad.'"*See 51382 Gratiot Ave. Holdings, LLC v. Chesterfield Dev. Co., LLC*, No. 2:11-CV-12047, 2011 WL 4695820, at *2 (E.D. Mich. Oct. 5, 2011) (citing *SEC v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir.2005)); *see also Quilling v. Trade Partners, Inc.*, 572 F.3d 293, 298 (6th Cir.2009). Furthermore, "[i]t is settled law that a receiver's right to possession dates from the time of his appointment." *See 51382 Gratiot Ave. Holdings*, *LLC*, 2011 WL 4695820 at *2 (citing *Davis v. Cox,* 356 F.3d 76, 93 (1st Cir.2004) (construing Maine law); *Wells v. Cermak (In re Ackermann)*, 82 F.2d 971, 972 (6th Cir.1936); *Saginaw Cnty. Sav. Bank v. Duffield*, 122 N.W. 186, 188-89 (Mich.1909)).

The court denies Mr. Abdallah's request to release any amount of the settlement award to him. Mr. Abdallah was granted limited relief from this court's Order Appointing Receiver for the purpose of prosecuting his personal injury claim. (Order, Oct. 29, 2015.) The Order granting relief to prosecute the claim held that "any recovery that may be paid to Defendant Abdallah by judgment or settlement shall be subject to the terms of the Order Appointing Receiver". (*Id*. at 1.) The Order Appointing Receiver grants the Receiver the power and duty to "[t]ake custody, control, and possession of all Receivership Property".[1] (Order Appointing Receiver, 4.) Thus, the Receiver maintains the power to possess and control Mr. Abdallah's settlement award. Contrary to Mr. Abdallah's arguments, whether the settlement proceeds are related to the Ponzi scheme

---

[1] Pursuant to the Order Appointing Receiver, Receivership Property is defined as including, but not limited to: "monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Receivership Defendants and/or Relief Defendants own, possess, have a beneficial interest in, or control directly or indirectly". (Order Appointing Receiver, 4.).

is irrelevant to the Receiver's authority to possess and control the property pursuant to the terms of the Receivership. (*See* Order Appointing Receiver, 4 (defining Receivership Property in a manner not limited to property related to the crime)).

Furthermore, as noted by Plaintiff, Mr. Abdallah owes a staggering $17,077,571.41 on the criminal judgment entered against him by this court in 1:15-CR-231. (Obj., 2) He also owes $620,658.75 on the criminal judgment entered against him by this court in 1:06-CR-401. (*Id*. at 1.) Mr. Abdallah is currently incarcerated. Pursuant to 18 U.S.C. § 3664(n):

> If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

Thus, Mr. Abdallah is required to apply the proceeds of his personal injury settlement towards his restitution debt. The court will not order the release of any of the proceeds of this settlement to Mr. Abdallah.

### C. Disbursement of Funds to Mr. Abdallah's Spouse

Mr. Abdallah's wife, Yasmin Abdallah, was a co-plaintiff in the personal injury claim at issue. (Mot. 7) Count 3 of their joint action was a claim for loss of consortium, claiming that both Mr. and Mrs. Abdallah suffered such loss. (Compl. at 2, *Thomas Abdallah, et al.* v. *Osama Fahmy, et al.*, No. CV 15-853573, (Cuyahoga County, Ohio, Court of Common Pleas, Oct. 30, 2015)). The other two counts of the personal injury claim, negligence and negligent entrustment, involve only Mr. Abdallah. (*Id*. at 2.) There is no indication that Mrs. Abdallah was involved in the motor vehicle accident at issue. (*See id*.) In his Motion, Mr. Abdallah makes a very brief argument that Mrs. Abdallah's recovery is not recoverable by the Receivership. (Mot. 7.) Without specifying an independent amount which should be disbursed to Mrs. Abdallah by the Receiver, Mr. Abdallah argues that the balance of the recovery remaining after the payment of attorney's

fees should be disbursed to Mr. *and* Mrs. Abdallah. (*Id*. at 10) (emphasis added.) Plaintiff does not address Mr. Abdallah's argument regarding restrictions on the Receiver's authority over the settlement due to Mrs. Abdallah's participation in the lawsuit, but objects to any portion of the settlement being released to Mr. Abdallah. (Obj.)

Mr. Abdallah does not specify a separate amount of the recovery that is due solely to Mrs. Abdallah for her claim of loss of consortium. Rather, he requests that the recovery be disbursed to Mr. and Mrs. Abdallah together. Consequently, the court cannot make a determination based on the information before it as to whether Mrs. Abdallah should recover separately. The court scheduled, and had, a teleconference with the parties and the Receiver to see if an agreement could be reached regarding this matter. An agreement was reached and Mrs. Abdallah's separate claim will be the subject of a separate order.

### D. Disbursement of Funds for Legal Fees

Mr. Abdallah requests that the court order disbursement in the amount of $6,250.00 for legal fees incurred in order to prosecute the personal injury claim. (Mot. 4.) The Affidavit of Paul R. Hoffer, attorney for Mr. Abdallah, avers that Mr. Hoffer was authorized by counsel for Receiver to charge a contingency fee of twenty-five percent of any settlement obtained. (Aff. 13.) Mr. Hoffer also details the specific legal services he provided for Mr. Abdallah in pursuit of this claim. *See id*. at 13. Plaintiff does not address or raise a specific objection regarding the payment of legal fees, nor does Plaintiff dispute that Mr. Hoffer was authorized to enter a contingency fee agreement. Thus, this court approves the disbursement of $6,250.00 of the settlement to Paul R. Hoffer for legal services rendered for the prosecution of the personal injury claim at issue.

### III. CONCLUSION

For the foregoing reasons, the court grants in part, denies in part, and reserves ruling in part on Defendant's Motion to Approve Settlement Agreement and Allocate and Release

Proceeds to Defendant, His Spouse, and His Counsel. (ECF No. 304.) The court hereby approves the settlement, in the amount of $25,000.00, between Defendant and his spouse with Allstate Insurance, relating to the personal injury claim resulting from a motor vehicle accident occurring on November 2, 2013. The court hereby approves the disbursement of $6,250.00 of the settlement to counsel for Defendant, Paul R. Hoffer, for the payment of legal services provided to Defendant and his wife. The court denies Defendant's request to order the disbursement of any amount of the settlement to Defendant. Because the court could not make a determination as to whether Mrs. Abdallah should recover separately based on the information provided, the court reserves ruling on this matter. However, the court held a teleconference with the parties and the Receiver to see if an agreement could be reached regarding a recovery by Mrs. Abdallah. The parties did reach an agreement, which shall be the subject of a separate order.

IT IS SO ORDERED.

>*/S/ SOLOMON OLIVER, JR.*
> UNITED STATES DISTRICT JUDGE

December 11, 2017