# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | Case No. 1:14–cv–1155 |
| Plaintiff, | Chief Judge Solomon Oliver, Jr |
| v. |  |
| THOMAS ABDALLAH, *et al.*, |  |
| Defendants |  |

## SIXTH INTERIM APPLICATION OF JAMES EHRMAN, RECEIVER FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

This Sixth Interim Application for Compensation and Reimbursement of Expenses ("**Fee Application**") is filed by James Ehrman ("**Ehrman**" or the "**Receiver**"), the duly appointed and acting Receiver in this action, as his application for approval of compensation in the net amount of $36,962.50 (the "**Receiver Fees**") and for reimbursement of out of pocket expenses in the amount of $1,237.34 (the "**Receiver Expenses**") in Invoice 10737 for the period commencing October 1, 2019, through and including October 31, 2020 (the "**Application Period**").

In support of this Fee Application, the Receiver says as follows:

1. This Court has jurisdiction over this action pursuant to Section 22 of the Securities Act of 1933 (the "**Securities Act**") [15 U.S.C. § 77v] and Section 27 of the Securities Exchange Act of 1934 (the "**Exchange Act**") [15 U.S.C. § 78aa].

{00028356-1 }

2. Venue is proper in this Court pursuant to Section 27 of the Exchange Act [15 U.S.C. § 78aa].

3. The relief requested in this application is governed by Fed. R. Civ. P. 66, Rule 66.1(c) and (d) of the Local Rules for the United States District Court for the Northern District of Ohio (the "**Local Rules**"), and the Receiver Order.

4. By his First Interim Fee Application, filed November 17, 2016, the Receiver requested allowance and payment of compensation for all services rendered and reimbursement of all out-of-pocket expenses for the period commencing December 3, 2014 through March 31, 2015 (the "**First Fee Application Period**") in the total amount of $89,724.82. Of this amount, $77,521.50 was requested as and for compensation for services rendered in the main case, and $12,144.00 was requested for compensation for services rendered in the case that pertained to assets belonging to Receivership Defendant Jeffrey Gainer and Relief Defendant Nancy Gainer (the "**Gainers**"). The Receiver also requested $59.32 for reimbursement of his out-of-pocket expenses.

5. On December 22, 2015, this Court entered an order (the "**December 22 Order**") granting the Receiver's First Fee Application allowing, on an interim basis, compensation in the amount of $89,665.50 and reimbursement of expenses in the amount of $59.32. Consistent with the terms of the Receiver Order, the Receiver was authorized to pay himself 80% of the allowed fee amounts ($71,732.40) and 100% of the out of pocket expenses ($59.32). Acting pursuant to the December 22 Order, the Receiver paid himself $71,732.40—$62,017.20 of

general receivership funds and $9,715.20 from the proceeds of assets recovered from the Gainers—and $59.32 for out-of-pocket expenses.

6. By his Second Interim Fee Application, filed May 23, 2016, the Receiver requested allowance and payment of compensation for all services rendered and reimbursement of all out-of-pocket expenses for the period commencing April 1, 2015 through December 31, 2015 (the "**Second Fee Application Period**") in the total amount of $95,213.12. Of this amount, $39,261.00 was requested as and for compensation for services rendered in the main case; $18,532.00 was requested for compensation for services rendered in the Gainer case billing (as described below); and $37,420.12 was requested for compensation for services rendered in the 529 Account Litigation billing (as described below). The Receiver did not request reimbursement of any out-of-pocket expenses.

7. On June 10, 2016, this Court entered an order [Dkt. No. 259] (the "**June 10 Order**") granting the Receiver's Second Fee Application allowing, on an interim basis, compensation in the amount of $95,213.12. Consistent with the terms of the Receiver Order, the Receiver was authorized to pay himself 80% of the allowed fee amounts ($76,170.50). Acting pursuant to the June 10 Order, the Receiver paid himself $76,170.50—$31,408.80 of general receivership funds, $14,825.60 from the proceeds of assets recovered from the Gainers; and $29,936.10 from the proceeds of assets recovered from Cicolani (529 Account Litigation Billing).

8. By his Third Interim Fee Application, filed February 25, 2017, the Receiver requested allowance and payment of compensation for all services

rendered and reimbursement of all out-of-pocket expenses for the period commencing January 1, 2016 through and including December 31, 2016 (the "**Third Fee Application Period**") in the total amount of $66,271.50 ($49,094.50 for General Billing; $2,515.50 for Gainer Billing; and $14,661.50 for the 529 Account Litigation Billing. The Receiver also requested $1,844.00 for reimbursement of his out-of-pocket expenses.

9. On March 14, 2017, this Court entered an order (the "**March 14 Order**") granting the Receiver's Third Fee Application allowing, on an interim basis, compensation in the amount of $66,271.50 and reimbursement of expenses in the amount of $1,844.00. Consistent with the terms of the Receiver Order, the Receiver was authorized to pay himself 80% of the allowed fee amounts ($53,017.20) and 100% of the out of pocket expenses ($1,844.00). Acting pursuant to the March 14 Order, the Receiver paid himself $53,017.20 — $39,275.60 of general receivership funds; $2,012.40 from the proceeds of assets recovered from the Gainers; and $11,729.20 from the proceeds of assets recovered from Cicolani (529 Account Litigation Billing) — and $1,844.00 for out-of-pocket expenses.

10. By his Fourth Interim Fee Application, filed June 29, 2018, the Receiver requested allowance and payment of compensation for all services rendered and reimbursement of all out-of-pocket expenses for the period commencing January 1, 2017 through and including December 31, 2017 (the "**Fourth Fee Application** Period") in the total amount of $16,975.00. Of this amount, $15,505.00 was requested as and for compensation for services rendered in

{00028356-1}  4

the main case, and $1,470.00 was requested as and for compensation for services rendered in the case that pertained to the assets belonging to Receivership Defendant Jeffrey Gainer and Relief Defendant Nancy Gainer (the "**Gainers**"). Nothing was requested as and for the case that pertained to the 529 Account Litigation Billing case. The Receiver also requested $1,254.37 for reimbursement of his out-of-pocket expenses.

11. On October 12, 2018 this Court entered an order (the "**October 12 Order**") granting the Receiver's Fourth Fee Application allowing, on an interim basis, compensation in the amount of $16,975.00 and reimbursement of expenses in the amount of $1,254.37. Consistent with the terms of the Receiver Order, the Receiver was authorized to pay himself 80% of the allowed fee amounts ($13,580.00) and 100% of the out of pocket expenses ($1,254.37). Acting pursuant to the October 12 Order, the Receiver paid himself $13,580 — $12,404.00 of general receivership funds and $1,176.00 from the proceeds of assets recovered from the Gainers—and $1,254.00 for out-of-pocket expenses.

12. By his Fifth Interim Fee Application, filed December 19, 2019, the Receiver requested allowance and payment of compensation for all services rendered and reimbursement of all out-of-pocket expenses for the period commencing January 1, 2018 through and including September 30, 2019 (the "**Fifth Fee Application Period**") in the total fee amount of $24,412.50. Of this amount, $22,310.00 was requested as and for compensation for services rendered in the main case, and $2,102.50 was requested as and for compensation for services rendered in

the 529 Account Litigation. Nothing was requested as and for the case that pertained to the Gainer case. The Receiver also requested $1,111.91 for reimbursement of his out-of-pocket expenses in the Receivership General matter. No expenses were requested for Receivership Gainer or 529 Litigation Billing).

13. On February 18, 2020, this Court entered an order (the "**February 18th Order**") granting the Receiver's Fifth Fee Application allowing, on an interim basis, compensation in the amount of $24,412.50 and reimbursement of expenses in the amount of $1,111.91. Consistent with the terms of the Receiver Order, the Receiver was authorized to pay himself 80% of the allowed fee amounts ($19,530.00) and 100% of the out of pocket expenses ($1,111.91). Acting pursuant to the February 18th, the Receiver paid himself $19,530.00 — $17,848.00 of general receivership funds and $1,682.00 from the proceeds of assets recovered from the 529 Account Litigation billing —and $1,111.91 for out-of-pocket expenses.

14. In order to separately account for the receiver and legal fees as they apply to the assets of the Defendants and Relief Defendants, the Receiver has separated his invoices into three parts. The first part of the Application, denominated ".001" is the "**General Billing**." It includes the sub-codes required by the SEC. The second part of the Application, denominated ".002" is the "**Gainer Billing**," for services rendered in the case that pertained to assets belonging to either Jeffrey Gainer or Nancy Gainer of both of them. The Gainer Billing also includes the sub-codes required by the SEC. The third part of the Application is the "**529 Account Litigation Billing**" which did not require sub-codes because all of

the time and expenses related to the litigation of a specific issue, to wit: the right of the Receiver to take control of the funds that had been deposited into special savings accounts nominally designated for the education of the minor children of Receivership Defendant Jerry Cicolani. All of the fees requested by the Receiver pertain to the General Billing and are payable out of the general receivership estate.

15. By this Fee Application, the Receiver requests allowance and payment of compensation for all Receiver Fees rendered and included on Invoice 10737 for the Application Period. The total amount of the fee charges incurred and requested on Invoice 10737 during the Application Period are $76,800.00 (*See*, Invoice 10737, attached hereto as Exhibit A). As will be described below, the Receiver has reduced his request by $39,837.50 (the "**Sanction Amount**"). Thus, the Receiver requests the difference between the total amount of Invoice 10737 and the Sanctions Amount ($76,800.00 *minus* $39,837.50 = $36,962.50, the "**Net Amount**"). The Receiver is requesting that the Net Amount and reimbursement of out of pocket expenses of $1,237.34 be paid from the general funds of the receivership estate.

16. To further explain the methodology of this Fee Application, in the case of *Ehrman v. Guerrini, et. al.*, United States District Court for the Northern District of Ohio, Case No. 1:17-cv-230 (the "**Guerrini Litigation**"), the Court awarded sanctions against Armand Guerrini and other defendants (the "**Guerrini Defendants**") in the form of attorneys' fees incurred "in seeking contempt sanctions against Defendants." (Guerrini Litigation, Dkt. No. 137). Consistent with the award

of sanctions, the Receiver submitted his Memorandum and Supporting Itemized Invoices for Fees and Expenses Incurred in Seeking Contempt Sanctions with Affidavit of the Receiver and his Attorneys [Dkt. No. 139] (the "**Receiver's Sanctions Application**").

17. The Receiver's Sanctions Application began with Invoice 10737 which included all of the Receiver's fee charges from October 1, 2019 through October 5, 2020. The Receiver then deleted all of the charges on Invoice 10737 that were not related to seeking the contempt sanctions against the Guerrini Defendants. The remaining charges, which did pertain to seeking contempt sanctions against the Guerrini Defendants were submitted for payment to the receivership estate as a sanction.

18. In this Fee Application, the Receiver now submits Invoice 10737 in its entirety for approval, but he seeks payment of the Net Amount only. The Receiver reserves his right to apply to the court for any portion of the Sanction Amount not approved and awarded by the Court or not paid by the Guerrini Defendants.

19. The total number of hours expended by the Receiver during the Application Period was 206.90 hours at a billing rate of $375 per hour. The value of these services has been computed at the rates the Receiver customarily charges for similar services provided to other similar clients.

20. Exhibit A to this Fee Application summarizes the General Billing broken down by category with the total for the fees in that category for the Application Period. Exhibit A identifies the Receiver as the person performing the

services, his billing rate, and the hours spent on the matter. Each of the two subparts of Exhibit A to this Fee Application also contains a detailed summary of services performed in compliance with the SEC Guidelines. Attached at the end of Exhibit A is appropriate proof of each expenditure.

21. For the Court's convenience, the Receiver attaches the redacted Invoice 10737 which was an Exhibit to the Receiver's Sanctions Application. (*See*, Redacted Invoice 10737, attached hereto as Exhibit B).

22. The Receiver has reviewed this Fee Application and its Exhibits. The Receiver states that he believes that all of the services described in the attached exhibits were necessary for him to carry out his duties pursuant to the Receiver Order. A copy of this Fee Application and its Exhibits will be served upon all persons on the Court's ECF service list in the manner indicated in the Certificate of Service attached hereto.

## CERTIFICATION UNDER SEC GUIDELINES

23. Ehrman certifies that he has read this Fee Application and its Exhibits. To the best of his knowledge, information and belief, and upon reasonable inquiry, the Fee Application and all fees and expenses therein are true and accurate and comply with the SEC Guidelines. Ehrman also certifies that the services rendered and costs and expenses incurred were commensurate with the skill and experience required for the activity performed, were actual and necessary, and that the compensation sought is reasonable in accordance with the SEC Guidelines.

24. The services rendered by the Receiver are billed at rates and in accordance with practices no less favorable to the estate than those customarily

employed by the Receiver, and in fact are more favorable, except as otherwise noted in the Fee Application.

25. Ehrman has not heretofore received any payments, nor has any promise been made to Ehrman for compensation for services rendered or to be rendered in connection with this receivership case except as described herein. No agreement or understanding exists between Ehrman and/or Whitmer & Ehrman LLC ("**WE**") on one hand and/or any other entity on the other hand for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

26. Neither Ehrman, nor WE, nor any person with whom he is associated in his practice, is a relative by blood or marriage of any bankruptcy or district court judge in the Northern District of Ohio. Ehrman says further that he is not now, nor has he ever been, so connected with any such Judge as to render his employment or the Court's approval of his employment as the Receiver in the above captioned proceedings improper.

27. The Receiver has forwarded copies of the exhibits to this Application to the SEC for review and approval and the SEC has no objection to the compensation and reimbursement of fees requested in this Application.

**WHEREFORE**, the Receiver respectfully requests that this Court enter an order: (i) approving, on an interim basis, this Fee Application for services rendered for the Application Period in the amount of $36,962.50 for Receiver Fees and $1,237.50 for the Receiver Expenses; (ii) authorizing the Receiver to pay himself

80% of the Receiver Fees requested in clause (i) of this paragraph ($29,570.00) as follows: $29,570.00 from General Receivership; and (iii) authorizing the Receiver to pay 100% of the Receiver Expenses of $1,237.50 from the General Receivership fund; and (iv) granting any further relief as the Court deems proper and just.

Dated: December 23, 2020    Respectfully submitted,

*/s/James W. Ehrman*
James W. Ehrman (0011006)
WHITMER & EHRMAN LLC
2344 Canal Road, Suite 401
Cleveland, OH 44113-2535
Telephone: (216) 696-8700
Facsimile: (216) 621-6536
E-mail:   jwe@WEadvocate.net

James Ehrman, *Receiver*
   James W. Ehrman, *Receiver*