UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>THOMAS ABDALLAH, *et al.*,  )<br>)<br>Defendants  )<br>) | Case No. 1:14–cv–1155<br><br>Judge Solomon Oliver, Jr. |

**ORDER (A) APPROVING THE FINAL REPORT AND ACCOUNTING; (B) AUTHORIZING ABANDONMENT OR TURNOVER OF RECORDS HELD BY THE RECEIVER; (C) DISCHARGING THE RECEIVER; (D) EXONERATING THE RECEIVER'S BOND;
(E) AUTHORIZING PAYMENT OF ALL ADMINISTRATIVE EXPENSES, HOLDBACKS, AND CURRENT PROFESSIONALS' FEES AND COSTS;
(F) AUTHORIZING FINAL DISTRIBUTION OF ASSETS; AND (G) CLOSING THE RECEIVERSHIP**

This matter came before the Court on the motion (the "**Motion**") of James W. Ehrman (the "**Receiver**"), the duly appointed and acting Receiver in this case (the "Receivership"), for an order (a) approving the Final Report and Accounting; (b) authorizing abandonment or turnover of records held by the Receiver; (c) authorizing abandonment of assets; (d) discharging the Receiver; (e) exonerating the Receiver's bond; (f) authorizing payment of all administrative expenses, holdbacks and current professionals' fees and costs; (g) authorizing the final distribution of assets; and (h) closing the Receivership.

The Court, having considered the Motion, the Declaration of James W. Ehrman, the final fee applications of the Receiver and the Receiver's counsel, the Holdbacks and all other supporting papers, and oppositions received in connection with the same, if any,

**HEREBY ORDERS AS FOLLOWS**:

1.  Notice of the Motion is deemed sufficient under Local Rule 66.1 and in accordance with the prior orders of this Court.

2.  The Receiver's Motion is granted in its entirety.

3.  <u>Approval of Final Report and Accounting</u>

The Receiver's Final Report and Accounting and its Exhibits which are incorporated into the Declaration of James W. Ehrman are hereby approved, and all actions and activities taken by or on behalf of the Receiver and all payments made by the Receiver in connection with the administration of the Receivership Estate are hereby approved and confirmed.

4.  <u>Destruction of Records</u>

The Receiver is hereby authorized to abandon and destroy the electronic and paper records received in connection with the administration of the Receivership, whether received from the Defendants, the Relief Defendants or any of the entities or businesses in the Receiver's possession, custody or control if, within 30 days after service of written notice to the United States Securities and Exchange Commission, the Receiver has not been served with a written request by the United States Securities and Exchange Commission for the records or a subpoena by a law

enforcement agency. If during such 30-day period, the Receiver is served with a written request for the records by the United States Securities and Exchange Commission or subpoena by a law enforcement agency, the Receiver is hereby authorized to turn over the original records to the United States Securities and Exchange Commission or a law enforcement agency in response to the request or subpoena.

With regard to all investor records, defined as (i) any records which contain information provided by an investor to substantiate an investment in the Ponzi scheme that was the subject of the Receivership (the "**Ponzi Scheme**"); (ii) information received from any source by the Receiver about an investor or resulting from any investment transaction by the investor in the Ponzi Scheme; or (iii) information otherwise obtained by the Receiver from any source while the Receiver was administering the Receivership Estate that pertains to any investment made by an investor in the Ponzi Scheme (collectively, the "**Investor Records**"), the Investor Records shall be destroyed in the following manner: (a) paper documents containing Investor Records shall be burned, pulverized, or shredded so that the information cannot be read or reconstructed, and (b) electronic records or media containing Investor Records shall be destroyed or erased so that the information cannot be read or reconstructed.

5. <u>Abandonment of Assets</u>

All assets not distributed or otherwise administered by the Receiver as of the closing of the Receivership Estate are hereby deemed abandoned. Abandoned assets

may be destroyed or discarded, without regard to title or value, in the sole and absolute discretion of the Receiver.

6. <u>Discharge</u>

Neither the Receiver nor any agent, employee, member, officer, independent contractor, attorney or representative of the Receiver shall have any liability to any person or entity for any action taken in good faith in connection with carrying out the Receiver's administration of this Receivership Estate, and the exercise of any powers, duties and responsibilities in connection therewith.

Effective upon Notice (the "**Notice**") to this Court of the completion of the Receiver's payment of administrative expenses, final distribution of funds, and destruction of documents as provided herein, the Receiver, his agents, employees, members, officers, independent contractors, attorneys and representatives (the "**Receiver and his Professionals**") are: (a) discharged; (b) released from all claims and liabilities arising out of and/or pertaining to the Receivership; and (c) relieved of all duties and responsibilities pertaining to the Receivership previously established in this action. This Order is self-executing; the Receivers discharge and the discharge of his professionals and the exoneration of his Bond as described below shall occur upon the filing of the Notice with this Court.

The Receivership Defendants and Relief Defendants and all persons who have received notice of the Receiver Order by personal service, facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken against Mr. Ehrman as an individual or in

4

his capacity as Receiver and the Professionals that concerns their appointment in this case or any of the actions they have taken in that capacity, without first obtaining permission of this appointing Court. No person shall interfere in any manner with the exclusive jurisdiction of this Court over the issues and administration of this Receivership.

7. Bond Exoneration

The Receiver's bond shall be exonerated effective upon the completion of the Receiver's payment of administrative expenses and final distribution of funds as provided herein and the filing of the Notice.

8. Administrative Fees and Expenses

All Receivership administrative fees and expenses incurred in this Receivership proceeding, including the Receiver's fees and expenses and those of his attorneys that were incurred in connection with the receivership proceeding from October 6, 2020 through February 15, 2023 (the "**Final Expense Period**") are hereby approved and allowed for payment in full.

Throughout this case, the Court has allowed the Receiver's fees and those of his attorneys and approved 80% of those fees for payment. In short, there has been a "holdback" for 20% of the Receiver's fees and those of his attorneys (the "**Holdbacks**"). The Holdbacks are as follows:

| | |
|---|---:|
| January 1, 2016 through December 31, 2016 - Receiver | $13,254.30 |
| January 1, 2017 through December 31, 2017 - Receiver | $3,395.00 |
| January 1, 2018 through September 30, 2019 - Receiver | $4,882.50 |
| October 1, 2019 through October 5, 2020 - Receiver | $7,212.50 |
| Total | $28,744.30 |

| | |
|---|---:|
| January 1, 2016 through December 31, 2016 – Attorneys | $15,027.85 |
| January 1, 2017 through December 31, 2017 – Attorneys | $23,907.50 |
| January 1, 2018 through September 30, 2019 – Attorneys | $31,025.50 |
| October 1, 2019 through October 5, 2020 - Attorneys | $33,031.50 |
| Total | $102,031.35 |

The Holdbacks are hereby approved for payment in full.

9.  Establishment of Reserve for Closing Tasks

The Court authorizes the Receiver to establish a reserve in the amount of $14,780.00 (the "**Reserve**") and to make payments from the Reserve to the Receiver, his attorneys, his tax professionals who must file final returns, to pay for shredding of documentation as provided in this Order and further, to pay any other necessary professionals or vendors in connection with those actions taken after the payment of administrative fees and expenses, addressed above, to wind-down and close the receivership. Any surplus Reserve remaining after the payment of closing fees and expenses as described herein shall be turned over to the United States District Court Clerk for the Northern District of Ohio for distribution to those creditors to whom the Court is paying restitution in related proceedings.

10. Final Distribution

The Receiver is hereby authorized to make a final distribution (the "**Final Distribution**") consistent with the Proposed Final Distribution attached to the Receiver's Final Report. The Final Distribution of Receivership assets remaining after the payment of administrative fees and expenses, and establishment of the Reserve, shall be distributed *pro rata* among the holders of Allowed Investor Claims.

6

In connection with the Final Distribution: (a) all distribution checks issued on account of the Final Distribution to holders of Allowed Investor Claims are required to be negotiated within 90 days of the date of issuance ("**Stale Date Deadline**"), and checks returned without a valid forwarding address or checks uncashed after the Stale Date Deadline are hereby deemed void; and (b) the Receiver is hereby authorized to turn over to the Clerk of the District Court for the Northern District of Ohio any distribution payments on Allowed Investor Claims that are uncashed after such Stale Date Deadline.

11. <u>Outstanding Tax Returns</u>

The Receiver, by and through his tax professionals, shall prepare and submit any post-receivership tax returns for the Receivership estates as the Receiver determines to be necessary or appropriate, and payment for the Receiver's tax professionals may be made from the Reserve.

12. <u>Jurisdiction</u>

This Court shall retain jurisdiction over any and all matters relating to the Receiver, the Receivership and the Receivership Estate, including any matters relating to the distribution of funds received by the Receiver in connection with his obligations as Receiver or otherwise received after the Receivership is closed. To the extent any dispute arises concerning the Receiver's administration of the Receivership Estate or to the extent any person or entity seeks to pursue or assert any claim or action against the Receiver or any agent, employee, member, officer, independent contractor, attorney or representative of the Receiver, arising out of or

related to this Receivership, the Court shall retain jurisdiction to hear and resolve any such dispute or claim.

       IT IS SO ORDERED.

                                              */s/ SOLOMON OLIVER, JR.*
                                              SOLOMON OLIVER, JR.
                                              UNITED STATES DISTRICT JUDGE

February 22, 2023